UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN GONZALEZ, JR.,

Plaintiff,

v.

N. CORRIGAN,

Defendant.

Case No.  2:26-cv-0169-JDP (P)

ORDER

Plaintiff, a state prisoner, alleges that his due process rights were violated when defendant Corrigan deducted good-time credits from his record despite the fact that he was found not guilty of the rules violation report ("RVR") with which he was charged.  ECF No. 1 at 4-5.  After reviewing the complaint, I find that plaintiff's claims appear unsuited to proceed in a section 1983 action insofar as success would necessarily result in an earlier release from prison; his claims, as articulated, belong in a habeas action.  I will dismiss the complaint with leave to amend so that plaintiff may either file an amended complaint explaining why his claims should proceed under section 1983 or a federal habeas petition.  I will defer ruling on the application to proceed in forma pauperis until the question of action type is settled, since the filing fee for a section 1983 action is higher than the fee applicable for habeas corpus.

1

**Screening Order**

I.    **Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II.    **Analysis**

Plaintiff alleges that he was charged with a RVR on December 13, 2025. ECF No. 1 at 3. He claims, however, that he was not properly served with the RVR within the fifteen days required under California Department of Corrections and Rehabilitation regulations.

2

*Id.* He claims that he was ultimately found not guilty of the charged offense. *Id.* at 4. As best I can tell, plaintiff alleges that, despite the not guilty finding, the earned credits that defendant Corrigan deducted prior to the hearing were not restored. *Id.* at 4-5. In *Nettles v. Grounds*, the Ninth Circuit held that a claim sounds in habeas if success thereon would necessarily lead to immediate or earlier release from confinement. 830 F.3d 922, 935 (9th Cir. 2016). Here, plaintiff appears to allege that success would result in earlier release insofar as he claims that the loss of the credits has meant a "loss of . . . freedom," and he seeks monetary compensation for each additional day Corrigan's actions have allegedly caused him to spend in prison. ECF No. 1 at 8.

I will dismiss the complaint with leave to amend so that plaintiff may address the question of whether success in this action would necessarily result in immediate or earlier release. If the answer to this question is yes, then he should file a habeas petition. If the answer is no, plaintiff should explain the particulars of his situation and file an amended complaint. He is advised that any amended filing will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended filing should be titled either "Habeas Petition" or "First Amended Complaint" and, whatever form of document he files, he must refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2.  Within thirty days from service of this order, plaintiff shall file either (1) a habeas petition, (2) an amended complaint or (3) notice of voluntary dismissal of this action without prejudice.

3.  Failure to timely file one of the foregoing options may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a section 1983 complaint form and a habeas petition form with this order.  Plaintiff is advised that only one should be returned.

IT IS SO ORDERED.


Dated:    March 12, 2026                      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4