UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN GONZALEZ, Jr.,

Plaintiff,

v.

N. CORRIGAN,

Defendant.

Case No.  2:26-cv-0169-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

On March 12, 2026, I dismissed plaintiff's complaint with leave to amend after finding that the claims, as articulated, were more suited to proceed in a habeas action.  ECF No. 5 at 2.  I directed him to file, within thirty days of my order, either another section 1983 complaint addressing the suitability of his claims, or a habeas petition.  *Id.* at 3.  Plaintiff did not respond to my order, and, April 24, 2026, I entered an order directing him to show cause why this action should not be dismissed for failure to prosecute.  ECF No. 6.  I informed him that he was obligated to file, within fourteen days, an amended complaint, habeas petition, or notice of voluntary dismissal.  *Id.* at 2.  The deadline is now long past, and plaintiff has not filed any response to my order.

Accordingly, I now recommend that this action be dismissed for failure to prosecute and failure to follow court orders.  The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v.*

1

*Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to comply with my order directing him to file an amended complaint or habeas petition. ECF No. 6. I warned him that this lawsuit could proceed only if he did so. *Id.* at 2. The public interest in expeditious resolution and the court's need to manage its docket both support dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff has had adequate warning that dismissal could result from his noncompliance. I find that the balance of factors weighs in favor of dismissal. Plaintiff shall have a final opportunity to explain why this action should proceed in any objections he files to these recommendations.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to comply with court orders and failure to prosecute for the reasons set forth in the April 24, 2026 order. ECF No. 6.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, be DENIED as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 1, 2026    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE